# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH GLEN STRAWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-00247-JD |
| ) | |
| STEPHENS COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Suzanne Mitchell on July 16, 2021, screening Plaintiff's complaint consistent with 28 U.S.C. § 1915A, and recommending that the Court dismiss without prejudice:

1) Plaintiff's claims for malicious prosecution against Assistant District Attorney Cortnie Siess, Judge Ken Graham, "Indigent Attorney" Ron Williams, Officers Kyle Keithley and Joe Lard, Stephens County, and Stephens County Courts;

2) Plaintiff's police-brutality claims against Stephens County and Defendants Keithley and Lard in their official capacities;

3) Plaintiff's police-brutality claims for injunctive relief against Defendants Keithley and Lard in their individual capacities; and

4) Plaintiff's claim for injunctive relief against Stephens County for lack of recreation time.

[Doc. No. 11].

In the Report and Recommendation, Judge Mitchell recommends that the Court retain:

1) Plaintiff's claim for police-brutality against Defendants Keithley and Lard in their individual capacities seeking money damages; and

2) Plaintiff's claim for money damages for lack of recreation time against Stephens County.

[*Id.* at 9, 11, 12].

Judge Mitchell advised Plaintiff that the deadline to file an objection to the Report and Recommendation was August 6, 2021, and that Plaintiff's failure to timely object would waive his right to appellate review of the factual and legal issues in the recommended dismissal. [*Id.* at 12]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

To date, Plaintiff has not filed an objection to the Report and Recommendation. The Court notes that the attempt to serve Plaintiff with the Report and Recommendation at his address of record failed. [Doc. No. 12]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").

With no objection being filed, and concurring with Judge Mitchell's analysis and conclusions, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 11] in its entirety. Based on its acceptance and adoption of the Report and Recommendation, and for the reasons stated in the Report and Recommendation, the Court:

1) GRANTS Plaintiff's motions for leave at [Doc. Nos. 8 and 9], and

2) DENIES Plaintiff's Motion for Order [Doc. No. 7] as premature. Plaintiff may move to enlarge the alleged damages at a later stage in this litigation.

Additionally, based on its acceptance and adoption of the Report and Recommendation, and for the reasons stated in the Report and Recommendation, the Court DISMISSES without prejudice:

1) Plaintiff's claims for malicious prosecution against Cortnie Siess, Ken Graham, Ron Williams, Kyle Keithley, Joe Lard, Stephens County, and Stephens County Courts, in their entirety;

2) Plaintiff's police-brutality claims against Stephens County and Defendants Keithley and Lard in their official capacities;

3) Plaintiff's police-brutality claims for injunctive relief against Defendants Keithley and Lard in their individual capacities; and

4) Plaintiff's claim for injunctive relief against Stephens County for lack of recreation time.

As summarized in the Report and Recommendation, this ruling means that the only claims by Plaintiff in this action that remain are: (1) Plaintiff's police-brutality claim

against Defendants Keithley and Lard in their individual capacities seeking monetary damages; and (2) Plaintiff's claim for monetary damages for lack of recreation time against Stephens County. [Doc. No. 11 at 12].

The Court will address by separate order Plaintiff's failure to update his address.

The Court warns Plaintiff that failure to comply with Court orders and the Local and Federal Rules of Civil Procedure may result in sanctions, which may include the remainder of this action being dismissed without prejudice.

IT IS SO ORDERED this 4th day of April 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE